OPINION
Garry Snyder appeals from the judgment of the Clark County Common Pleas Court wherein he was granted a divorce from his former spouse, Ginger Snyder.
The Snyders were married in March 1991 and they have one child from their marriage, namely Jordan, born October 9, 1992. They were the joint owners of their marital residence in South Charleston, Ohio which was purchased after their marriage and which was built upon land purchased by the appellant before the parties were married. In the final decree of divorce, the trial court adopted the magistrate's recommendation over the appellant's objection, that Ginger be designated as the residential parent and custodian of Jordan.
The trial court also overruled appellant's objection that the marital residence be sold and the net proceeds be divided between the parties.
In his first assignment appellant argues that the trial court erred in not finding that the $35,000 he used to purchase the marital residence was separate property.
We have examined the trial court's decision and have determined that the trial court reviewed the magistrate's recommendation as if it was an appellate court reviewing a trial court's decision. The trial court stated as follows:
 In the case at hand, a review of the transcript of the proceedings which took place before the Magistrate indicate that there is ample, credible and competent evidence to support the Magistrate's Finding concerning the issue of the Defendant's donative intent at the time in question. To this end, the credible evidence supports the Magistrate's Finding that the Defendant did, in fact, intend to make an outright gift of one-half interest in the subject lot to the Plaintiff and he facilitated such a transfer to effectuate his donative intent at that time. In consideration of the foregoing, the Court fails to find error in the Magistrate's Decision concerning this issue and the Court finds that the Defendant's Objection concerning this issue is not well taken. (Emphasis ours).
The trial court must undertake the equivalent of a "de novo" determination in light of any filed objections, when independently assessing facts and conclusions contained in a magistrate's report. The trial court does not apply the same manifest weight of the evidence standard used in review by courts of appeals. DeSantis v. Soller (1990),70 Ohio App.3d 226. Since the trial court improperly used an appellate standard to review the magistrate's report and recommendation, this assignment of error is sustained in part.
In his second assignment, appellant contends the trial court erred entering a shared parenting order in respect to the parties' child.
In overruling the objections filed by Garry Snyder to the magistrate's report the trial court noted in part:
 The ultimate decision as to the allocation of parental rights and responsibilities between the parties concerning their minor child lies with the sound discretion of the trial court. To this end, the trial court's decision should not be reversed absent an abuse of the Court's discretion.
 The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the Court's attitude is unreasonable, arbitrary or unconscionable. A review of the transcript of the hearing which took place before the Magistrate on September 27, 2000, indicates that the Magistrate herein was provided with ample, credible and competent evidence going to each and every essential element of this case and accordingly this Court fails to find error in the Magistrate's Decision concerning this issue. To this end, the Court finds that the Defendant's Objections in this regard are not well taken.
Again the trial court improperly viewed the magistrate as a "trial court" and reviewed his actions under an abuse of discretion standard. This was improper. This assignment is sustained in regard to that impropriety.
This matter is Reversed and Remanded to the trial court so it mayindependently decide whether the objections filed by Garry Snyder have merit.
WOLFF, P.J., and GRADY, J., concur.